Sandra **FIARMAN**, Plaintiff,

v.

**WESTERN PUBLISHING COMPANY**, Defendant.

No. 83–CV–1145–DT.

United States District Court, E.D. Michigan, S.D.

Aug. 13, 1985.

See also, D.C., 620 F.Supp. 544.

Jeanne E. Mirer, Detroit, Mich., for plaintiff.

Robert E. Williams and Stephen C. Yohay, Washington, D.C., for defendant.

ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM INTRODUCING PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES, NUMBERED 38 and 39, INTO EVIDENCE

La PLATA, District Judge.

On August 8, 1985, Plaintiff, Sandra Fiarman, filed a Motion in Limine, seeking to prohibit Defendant from introducing into evidence two of her answers to Defendant's second set of interrogatories. In response to interrogatory numbers 38 and 39, Plaintiff stated what she believed to be the amount of damages she sustained as a result of her allegedly discriminatory employment termination. Plaintiff argues that Defendant's sole purpose for posing the questions was to determine whether a settlement of the lawsuit could be achieved.

At the hearing held on Defendant's Motion to Compel Answers to Interrogatories before a Magistrate on May 4, 1985, Defendant's counsel stated that one of the purposes of discovery is to secure information that may lead to a settlement.[1] In opposition to the instant motion, Defendant assumed a contrary position, claiming that the information concerning the value of the case was not presented to it during settlement negotiations.

Analogizing the factual scenario to the typical offer to compromise protected by F.R.E. 408,[2] the Court holds that it would be unfair for Defendant to reveal to the jury the value that Plaintiff placed on her case, when the value was stated in response to a discovery request.[3] Under the circumstances of the case, Plaintiff's assessment of the amount of damages she allegedly sustained is simply not relevant to the lawsuit, since the amount she set may have been motivated by a desire for settlement rather than from a concession of weakness. Defendant's interrogatory request placed Plaintiff in a Hobson's choice: if she set a low value, Defendant could argue that Plaintiff recognized the minimal value of the case; if she set an inflated value, Defendant could attack it with the hope of demonstrating the absurdity and unreasonableness of Plaintiff's position. The damages sought by Plaintiff for mental anguish and emotional distress, unlike claims for a simple breach of contract, are not readily quantifiable.

In view of the foregoing analysis, the Court holds, pursuant to F.R.E. 403, that the probative value, if any, of Plaintiff's Answers to Defendant's Second Set of Interrogatories numbered 38 and 39 is greatly outweighed by the unfairness that Plaintiff would incur by the admission of the

1. While without the benefit of a transcript of the hearing, the Court relies upon the uncontroverted affidavit of Plaintiff's counsel for the arguments advanced by the parties at the hearing on the motion.

2. F.R.E. 408 provides: Evidence of (1) furnishing or offering to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

3. In his treatise on Evidence, Professor McCormick reasoned that if a party knew that an offer of compromise or settlement, if refused, could be used against him, he would be likely to refrain from making the offer. McCormick, Evidence, § 76 at 158 (1954).

evidence. WHEREFORE, Plaintiff's Motion to prohibit Defendant from introducing her answers to the two aforementioned interrogatories is GRANTED.

So Ordered.